(20 Misc. Rep. 662.)
## KLOTZ v. KLOTZ.

(City Court of New York, General Term.　July 2, 1897.)

CONTRACT—CONSIDERATION.

In an action brought by a woman upon a promise made upon valuable consideration to her supposed husband to pay her a certain sum upon his death, it is error to refuse to charge that, if a former husband of the woman was alive at the time, there was no consideration for the defendant's promise.

Appeal from trial term.

Action by Antonia Klotz against Charles Klotz. From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and SCHUCHMAN, J.

Alfred Steckler, for appellant.
Frank Herwig, for respondent.

VAN WYCK, C. J. The plaintiff's alleged cause of action is that she was the lawful wife, and is the widow, of one Henry Klotz, her second husband, who was the brother of defendant, Charles Klotz, who induced Henry to become a member of a mutual benefit society, which issued bonds to its members, agreeing to pay to the beneficiary selected by a member a sum fixed in the bond; that such a bond for $3,000 was issued to Henry, who had Charles named as the beneficiary therein, upon Charles' express oral promise made at the time to Henry that he would, after Henry's death, and receipt of the $3,000, pay $1,000 thereof to Henry's wife, the plaintiff; and that Charles has collected the $3,000 from the society, but refuses to pay plaintiff the $1,000 part thereof. The court of appeals has never directly decided that such a cause of action could be maintained, and the appellate division of the First department has held, in Buchanan v. Tilden, 5 App. Div. 354, 39 N. Y. Supp. 228 (Ingraham, J., dissenting), that a wife cannot maintain an action against a person who has agreed, for a valuable consideration, with her husband, to pay her a fixed sum If a wife cannot maintain such an action, can a widow? However, this judgment must be reversed, irrespective of whether the action is maintainable or not, because of reversible errors committed in the admission of plaintiff's evidence to establish the fact that she was the lawful wife of the deceased brother, and in refusing to charge the jury that, if plaintiff's first husband was alive, then that there was no consideration for defendant's promise. The plaintiff relies upon Lawrence v. Fox, 20 N. Y. 268, as an absolute authority for maintaining her cause; but that case merely held that where one Holly was indebted to Lawrence, the plaintiff therein, in the sum of $300, and lent $300 to Fox, the defendant, upon his promise to pay the same on the next day to Lawrence, in satisfaction of Holly's indebtedness to him, that Lawrence could maintain the action against Fox on his promise to do that which the promisee, Holly, himself was under legal obligation to Lawrence to do, to wit, to pay his debt to

Lawrence. Was the plaintiff's husband under any obligation, enforceable at law or in equity, to insure his life for her benefit? Judgment and order reversed, with costs to appellant to abide the event.

SCHUCHMAN, J., concurs.